| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **HYDE & SWIGART** |
| Abbas Kazerounian, Esq. (249203) | Joshua B. Swigart, Esq. (SBN: 225557) |
| ak@kazlg.com | josh@westcoastlitigation.com |
| Matthew M. Loker, Esq. (279939) | 2221 Camino Del Rio South, Suite 101 |
| ml@kazlg.com | San Diego, CA 92108 |
| 245 Fischer Avenue, Suite 101 | Telephone: (619) 233-7770 |
| Costa Mesa, CA 92626 | Facsimile: (619) 297-1022 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

*Attorneys for Plaintiff,*
Ryan Carr

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CARR, | Case No.: '17CV0669 JLS AGS |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| WELLS FARGO BANK, N.A., | I. **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, ET SEQ.;** |
| Defendant. | II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788, ET SEQ.;** |
| | III. **NEGLIGENCE; AND,** |
| | IV. **CONVERSION** |
| | **JURY TRIAL DEMANDED** |

///
///
///
///

**COMPLAINT FOR DAMAGES**           PAGE 1 OF 11

## INTRODUCTION

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. RYAN CARR ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of WELLS FARGO BANK, N.A. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"); (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 ("RFDCPA"); (iii) negligence; and, (iv) conversion.

7. Because Defendant conducts business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

9. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h); and, a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant, the designated payee in this matter, is a company operating from the State of California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

12. Defendant is also a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and a "financial institution" as defined by 15 U.S.C. § 1693a(9).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

14. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

## FACTUAL ALLEGATIONS

15. Sometime in or about May 2011, Plaintiff's client, Lashever Company, Inc. ("Lashever") is alleged to have incurred financial obligations to Defendant.

16. Plaintiff is the Certified Public Accountant for Lashever's owner, Cory Lashever ("Mr. Lashever").

17. Unbeknownst to Plaintiff, Defendant listed Plaintiff as an authorized signer to the business account created for Plaintiff's client.

18. On the application, Mr. Lashever is the sole person listed under the "Business Platinum Credit Card Details" section of the application.

19. Nowhere on the application does it state that Plaintiff applied for a credit card on behalf of Plaintiff's client.

20. On information and belief, Mr. Lashever solely used the credit card for personal purposes.

///

21. Thereafter, Mr. Lashever allegedly fell behind in the payments allegedly owed on the alleged debt.
22. Following this delinquency, Defendant began Defendant's attempts to collect said debt.
23. In November 2016, Plaintiff received a telephonic communication from Defendant attempting to collect Mr. Lashever's debt from Plaintiff.
24. Plaintiff informed Defendant that Plaintiff was not responsible for Mr. Lashever's debt and that Defendant should not contact Plaintiff anymore.
25. Despite this request that contact cease, Defendant has continued to contact Plaintiff directly to contact Mr. Lashever's debt.
26. Moreover, Plaintiff's brother and parents also received harassing telephonic communications from Defendant regarding the alleged debt.
27. Plaintiff's brother and parents had no connection to Mr. Lashever or the debt at issue herein.
28. Plaintiff was extremely embarrassed and frustrated that Defendant falsely represented to Plaintiff's family that Plaintiff was delinquent.
29. In or about December 2016, Defendant took approximately $2,000.00 from Plaintiff's personal account with Defendant in order to satisfy Mr. Lashever's debt.
30. Plaintiff's account constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).
31. At no point did Plaintiff provide Plaintiff's consent to Defendant to allow Defendant to unilaterally debit money from Plaintiff's account to satisfy the debts of other consumers.
32. This withdrawal was an unauthorized electronic fund transfer as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
33. Plaintiff disputes the validity of said debt as Plaintiff has no connection to this debt.

34. Defendant utilized Plaintiff's personal funds to satisfy the debt of a third-party for which Plaintiff bore no responsibility thereby taking possession of, and assuming control over, monies owned by Plaintiff for Defendant's personal gain.

35. By withdrawing said funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and for personal purposes. To date, Defendant has not refunded these monies to Plaintiff.

36. Such conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

37. Credit card statements from Defendant show the credit card holder's name to be Lashever Company, Inc.'s owner, Cory Lashever. There is no indication that the credit card statements, or even a credit card, were ever issued in Plaintiff's name.

38. Through this conduct, Defendant violated 15 U.S.C. § 1692b(2) by disclosing that Plaintiff owed an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff's family members on multiple occasions. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692c(c) by continuing to contact Plaintiff after Plaintiff's refusal to pay and cease contact with Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false or misleading representation in regards to the character, amount, or legal status of the alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by taking action that Defendant was not legally entitled to take. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiffs. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting funds from Plaintiff that Plaintiff not authorized by the agreement creating the debt nor permitted by law. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Defendant violated 15 U.S.C. § 1693e(a) in that Defendant executed an unauthorized electronic fund transfer from Plaintiff's account to satisfy an alleged debt alleged to be owed by a third-party.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ.

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

50. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

53. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III

### NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the RFDCPA; and, EFTA. Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

56. Defendant breached Defendant's duties by engaging in the acts described herein each in violation of the RFDCPA; and, EFTA.

57. Plaintiff asserts that Defendant is the actual and legal cause of Plaintiff's injuries.

58. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered severe emotional distress.

59. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## COUNT IV

### CONVERSION

### [AGAINST ALL DEFENDANTS]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Defendant intentionally took monies from Plaintiff's bank account.

62. At all times, Plaintiff owed and/or had full possessory rights over the funds in Plaintiff's bank account.

///

63. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.
64. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of his chattels or monies described above.
65. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.
66. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.
67. Defendant further caused Plaintiff to suffer emotional distress.
68. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.
69. Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof as to the Third; and, Fourth Causes of Action against Defendant; and,
- Any and all other relief that this Court deems just and proper.

Dated: March 27, 2017                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 27, 2017                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626